UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
DAVID J. SAFRAN,

                Plaintiff,

        - against -

MADELINE SINGAS, Nassau County District
Attorney; Assistant District Attorneys
CHRISTOPHER CASA and
CHARLES DUNN, in their personal and
official capacities; HEMPSTEAD VILLAGE
POLICE DEPARTMENT; CHRISTOPHER
GIORDANO; AMERICO MASI; DET.
ANTHONY COUSINS; NASSAU COUNTY
SHERIFF; MAUREEN McBRIDE; HON.
ANGELO A. DELLIGATTI; and DONALD T.
ROLLOCK,

                Defendants.
--------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
20-CV-4537 (PKC) (SMG)

PAMELA K. CHEN, United States District Judge:

On September 21, 2020, Plaintiff David J. Safran, currently incarcerated at the Nassau County Correctional Center, filed this *pro se* action pursuant to 42 U.S.C. § 1983 ("§ 1983"). By Order dated November 5, 2020, the Court dismissed the complaint without prejudice when Plaintiff failed to pay the filing fee or request *in forma pauperis* ("IFP") status. (Dkt. 4.) The Clerk of Court entered judgment on November 6, 2020. (Dkt. 5.)

On November 12, 2020, Plaintiff filed an IFP application and Prisoner Authorization form (Dkt. 7), and on November 25, 2020, he filed a letter indicating his intent to continue the case (Dkt 9). The Court respectfully directs the Clerk of Court to re-open this case. The Court grants Plaintiff's request to proceed IFP, and dismisses in part and stays in part the complaint as set forth below.

## BACKGROUND

Plaintiff's complaint is slightly difficult to understand, but he appears to allege that on April 12, 2018, he was falsely arrested and imprisoned for speeding.[1]  (Complaint ("Compl."), Dkt. 1, at ECF[2] 3–4.)  Plaintiff includes documents purporting to challenge his ability to speed with his vehicle and seeks this Court's intervention in the pending state court criminal proceeding against him.  (*Id.* at ECF 7–16.)  He also alleges claims related to the conditions of his confinement.  (*Id.* at ECF 2, 5.)  For relief, Plaintiff seeks "to be released to liberty," for his criminal record to be expunged, for his trial to be marked ready, the production of discovery materials, and $25 million in damages.  (*Id.* at 6.)

## STANDARD OF REVIEW

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "If [a] liberal reading of the complaint gives any indication that a valid claim might be stated, the Court must give the plaintiff an opportunity to amend the complaint."  *Nelson-Charles v. U.S. Dep't of Educ.*, No. 19-CV-1616 (PKC) (PK), 2019 WL 1675999, at *2

---

[1] For purposes of this Memorandum & Order, the Court assumes the truth of Plaintiff's non-conclusory, factual allegations.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

(E.D.N.Y. Apr. 16, 2019) (internal quotation marks omitted) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Title 28 of the United States Code, § 1915A, requires the Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, pursuant to the IFP statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff's claims for violations of his constitutional rights are cognizable under § 1983, which provides a vehicle for redressing the deprivation of civil rights. "Section 1983 'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.'" *Conklin v. County of Suffolk*, 859 F.Supp. 2d 415, 438 (E.D.N.Y. 2012) (quoting *Baker v. McCollan*, 443 U.S 137, 144 n.3 (1979)); *accord Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

In order to maintain a civil rights action under § 1983, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." *Cornejo*, 592 F.3d at 127 (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how

discriminatory or wrongful." (internal quotation marks and citation omitted)).  Second, the conduct complained of "must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."  *Cornejo*, 592 F.3d at 127; *see also Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999).

### A.  Judge Delligatti

Plaintiff's claims against the Honorable Angelo A. Delligatti, the judge presiding over Plaintiff's criminal case in Nassau County Court, must be dismissed.  Plaintiff claims that Judge Delligatti "failed to provide a court minutes report," "h[eld Plaintiff] in breach of C.P.L. 30.30," and failed to rule on the merits of motions Plaintiff filed.  (Compl., Dkt. 1, at ECF 3.)  Judges have absolute immunity from suit for judicial acts performed in their judicial capacities.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages." (citation omitted)); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir.  2016) (summary order) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." (internal quotation marks omitted) (quoting *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009))); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978).  This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority."  *Mireles*, 502 U.S. at 11 (quoting *Stump*, 435 U.S. at 356).  Plaintiff alleges only that Judge Delligatti performed poorly while presiding over Plaintiff's criminal case in his judicial capacity.  Therefore, judicial immunity bars Plaintiff's claims against Judge Delligatti.

### B.  District Attorney Madeline Singas and Assistant District Attorneys Christopher Casa and Charles Dunn

Plaintiff's claims against District Attorney Madeline Singas and Assistant District Attorneys Christopher Casa and Charles Dunn must also be dismissed because all three attorneys are entitled to absolute immunity as advocates in the judicial phase of the criminal process. *See Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) ("A prosecutor acting in the role of an advocate in connection with a judicial proceeding is entitled to absolute immunity for all acts 'intimately associated with the judicial phase of the criminal process.'" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976))); *see also Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) ("[A]bsolute immunity protects a prosecutor from § 1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate."). Such protected conduct includes a prosecutor's initiation and pursuit of a criminal prosecution, *see Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005), as well as acts undertaken "in preparing for the initiation of judicial proceedings or for trial," *see id.* at 237 (quotation omitted), even if the prosecutor makes false statements during judicial proceedings, *see Burns v. Reed*, 500 U.S. 478, 489–90 (1991), knowingly uses false testimony, *Shmueli*, 424 F.3d at 237, deliberately withholds exculpatory evidence, *id.*, engages in malicious prosecution, *id.* at 238, or attempts to intimidate an individual into accepting a guilty plea, *Peay v. Ajello*, 470 F.3d 65, 67–68 (2d Cir. 2006).

Here, Plaintiff brings claims against Defendants Singas, Casas, and Dunn for "charging [him] with criminal intent based on an accident in which [he] was rear-ended," "refusing to have him Court-ordered released," and "holding [him] without probable cause." (Compl., Dkt. 1, at ECF 2.) Plaintiff alleges that they denied him "voluntary disclosure, discovery items, Rosario and Brady material" and that these Defendants "promot[ed] fraud and perjury by their witness against [him]." (*Id.*) Because these claims are all "intimately associated with the judicial phase of the criminal process," Defendants are entitled to absolute immunity on them. *Simon*, 727 F.3d at 171.

Furthermore, the District Attorney and the Assistant District Attorney, when acting as prosecutors, are agents of the State, and are therefore immune from suit in their official capacity. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993); *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988).   Therefore, Plaintiff's claims against Madeline Singas, Christopher Casa, and Charles Dunn are dismissed.

### C.  Maureen McBride and Donald T. Rollock

Plaintiff also sues his court-appointed attorneys, Maureen McBride and Donald T. Rollock, for providing ineffective assistance of counsel.  (Compl., Dkt. 1, at ECF 3.)  "It is well-settled that private attorneys . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law."  *Manko v. Steinhardt*, No. 11-CV-5430, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (citing *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975) (finding that private attorney appointed by the court to represent a criminal defendant was not a state actor)); *see also Licari v. Voog,* 374 F. App'x 230, 231 (2d Cir. 2010) (summary order) ("It is well established that private attorneys – even if the attorney was court-appointed – are not state actors for purposes of § 1983 claims."); *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act under color of state law and are therefore not subject to suit under 42 U.S.C. § 1983." (internal quotation marks and citation omitted)).  Therefore, Plaintiff's claims against Maureen McBride and Donald T. Rollock are dismissed for failure to state a claim.

### D.  Nassau County Sheriff

Plaintiff brings suit against the Nassau County Sheriff for "holding [him] as an inmate without jurisdiction in law for same [and] denying [him] law library use, photo copies, grievance

process, allowing guards in disguise to mutilate [his] legal files for this case[,] not posting guards

at facility dorm desks 24/7, [and] endangering [him] as is." (Compl., Dkt. 1, at ECF 2.) "It is well

settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations

is a prerequisite to an award of damages under § 1983." *Brandon v. Kinter*, 938 F.3d 21, 36 (2d

Cir. 2019) (internal quotation marks and citation omitted); *see also Iqbal*, 556 U.S. at 676

("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the

Constitution."). To state a claim for supervisory liability, a plaintiff must establish that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the
> defendant, after being informed of the violation through a report or appeal, failed
> to remedy the wrong, (3) the defendant created a policy or custom under which
> unconstitutional practices occurred, or allowed the continuance of such a policy or
> custom, (4) the defendant was grossly negligent in supervising subordinates who
> committed the wrongful acts, or (5) the defendant exhibited deliberate indifference
> . . . by failing to act on information indicating that unconstitutional acts were
> occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Here, Plaintiff has not alleged facts to show

that the Nassau County Sheriff was aware of his allegations, that the Sheriff was notified of these

allegations, that the Sheriff created a policy or custom enabling the misconduct against him, or

that the Sheriff was grossly negligent in supervising his office. Therefore, Plaintiff has failed to

state a plausible supervisory liability claim against the Nassau County Sheriff-.

### D. Hempstead Village Police Department and Police Officers Christopher Giordino and Americo Masi, and Detective Anthony Cousins

Plaintiff brings claims against the Hempstead Village Police Department and Police Officer

Christopher Giordino #1219, Police Officer Americo Masi #138 or #1138, and Detective Anthony

Cousins #1217, for "chasing . . . and arresting [him] without probable cause," shooting at him,

damaging his vehicle, and causing traffic accidents "based on their fraud and perjury." (Compl.,

Dkt. 1, at ECF 2.)

Plaintiff's claims cannot proceed against the Hempstead Village Police Department. Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot be sued. *See Pooler v. Hempstead Police Dep't,* 897 F. Supp.2d 12, 21 (E.D.N.Y. 2012) (dismissing claims against the Hempstead Police Department and holding that the Hempstead Police Department is an "administrative arm" of the Village of Hempstead). Because the Hempstead Village Police Department does not have a legal identity separate and apart from the Village of Hempstead, and thus cannot sue or be sued, Plaintiff's claims against the Hempstead Village Police Department is dismissed.

Even if Plaintiff had pleaded his claim properly against the Village of Hempstead, however, it would nonetheless require dismissal. A municipality can be liable under § 1983 if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Hu v. City of New York*, 927 F.3d 81, 104 (2d Cir. 2019). Four types of practices may underly a § 1983 suit against a municipality:

> (1) a formally adopted municipal policy; (2) the actions or decisions of a municipal official with final policymaking authority; (3) a practice so persistent and widespread that it constitutes a custom or usage; and (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference.

*Doe v. City of New York*, No. 18-CV-670 (ARR) (JO), 2018 WL 3824133, at *8 (E.D.N.Y. Aug. 9, 2018) (internal quotation marks and citation omitted). "When plaintiffs do not allege an unconstitutional official policy, or an unconstitutional action ordered or ratified by an official policymaker, 'municipal liability turns on the plaintiffs' ability to attribute the subordinates' conduct to the actions or omissions of higher ranking officials with policymaking authority." *Id.* (quoting *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 126 (2d Cir. 2004)). Plaintiff does

not allege any kind of policy or practice in the conduct of the police department that would meet the bar for municipal liability. As such, any claim for municipal liability against the Village of Hempstead based on the Hempstead Police Department would be futile.

However, Plaintiff does appear to state a bare-bones claim for false arrest against Police Officer Christopher Giordino #1219, Police Officer Americo Masi #138 or #1138, and Detective Anthony Cousins #1217.

> Under New York law,[3] the elements of a false arrest and false imprisonment claim are: (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged. For purposes of the privilege element of a false arrest and imprisonment claim, an act of confinement is privileged if it stems from a lawful arrest supported by probable cause. Officers have probable cause when they have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.

*Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (internal quotation marks and citations omitted). Plaintiff's allegations that these officers arrested him without cause constitutes a claim.

However, "[p]robable cause is a complete defense to an action for false arrest brought under New York law or § 1983," *Ackerson v. City of White Plains,* 702 F.3d 15, 19 (2d Cir. 2012) (internal quotation marks and citation omitted), and "[a] conviction following a plaintiff's arrest demonstrates the existence of probable cause as a matter of law," *Othman v. City of New York*, No. 13-CV-4771 (NGG) (RLM), 2015 WL 1915754, at *4 (E.D.N.Y. Apr. 27, 2015). "Here, given that Plaintiff is awaiting trial on the charges stemming from the challenged arrest and prosecution,

---

[3] "A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures[,] . . . is substantially the same as a claim for false arrest under New York law." *Case v. City of New York*, 408 F. Supp. 3d 313, 320 (S.D.N.Y. 2019) (internal citations omitted) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).

he has not—and cannot—allege that the prosecution terminated in his favor" and so cannot show that he was arrested without probable cause. *Bussey v. Devane*, No. 13-CV-3660 (JS) (WDW), 2013 WL 4459059, at *5 (E.D.N.Y. Aug. 16, 2013). Accordingly, his false arrest claims against Police Officer Christopher Giordino #1219, Police Officer Americo Masi #138 or #1138, and Detective Anthony Cousins #1217 are stayed pending the outcome of Plaintiff's state court criminal proceedings. *See Wallace v. Kato,* 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." (citations omitted)).

### F.  Plaintiff's Pending Criminal Case and Request for Release

Finally, the Court cannot intervene in Plaintiff's ongoing state court criminal case. *See Younger v. Harris*, 401 U.S. 37 (1971) (holding that a district court could not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was constitutional); *see also Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). Furthermore, to the extent plaintiff seeks to be released from custody, such relief is not available in a Section 1983 action. *See, e.g.*, *Keyes v. Juul,* 270 F.Supp. 2d 327, 330 (E.D.N.Y. 2003) ("[I]nsofar as plaintiff seeks release from custody, he can do so only on a properly submitted petition seeking a writ of habeas corpus, not in a Section 1983 action."); *see generally Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973) (holding that habeas relief is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release from custody). Accordingly, Plaintiff's Section 1983 claims seeking release from custody are dismissed.

## CONCLUSION

Accordingly, the Court respectfully directs the Clerk of Court to re-open this case. Plaintiff's motion to proceed IFP is granted.  The claims against the Nassau County District Attorney Madeline Singas, Assistant District Attorney Christopher Casa, Assistant District Attorney Charles Dunn, the Nassau County Village Police Department, the Nassau County Sheriff, Maureen McBride, Donald T. Rollock, and Judge Angelo A. Delligatti are all dismissed.

Plaintiff's false arrest claim against Police Officer Christopher Giordino #1219, Police Officer Americo Masi #138 or #1138, and Detective Anthony Cousins #1217, is stayed pending the conclusion of the underlying criminal trial.  The Court does not direct service of the complaint at this time and instead administratively closes this matter.  Plaintiff may seek to reopen this matter once his Nassau County criminal case has been fully resolved.  *See Bussey v. Devane*, No. 13-CV-3660 (JS) (WDW), 2013 WL 4459059, at *5 (E.D.N.Y. Aug. 16, 2013).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 4, 2020
Brooklyn, New York

11